THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH DE PASQUALE, Respondent, against DANIEL MCMANN, as Acting Warden of Clinton Prison, Appellant.— Appeal from an order of the County Court of Clinton County, which sustained a writ of habeas corpus and remanded the relator-respondent to the County Court of Onondaga County for resentencing. On November 17, 1936, relator was sentenced as a first felony offender. On December 1, 1939, he was sentenced to from 10 to 20 years as a second offender; and, on November 6, 1950, he was sentenced to from 40 to 60 years as a third offender. He is now imprisoned pursuant to this last sentence. The court below has upheld relator's contention that at the time of his sentence on November 17, 1936 he was not asked whether he had any legal cause to show why judgment should not be pronounced against him, in accordance with section 480 of the Code of Criminal Procedure. The order appealed from indicates that the conviction of November 17, 1936 should not be construed as a prior felony conviction upon the resentencing. However, the failure to comply with section 480 does not vitiate the conviction itself. (*People ex rel. Miller* v. *Martin*, 1 N Y 2d 406; *People ex rel. Naumo* v. *Jackson*, 1 A D 2d 743; *People* v. *Kerschman*, 283 App. Div. 811; *People ex rel. Egitto* v. *Jackson*, 7 A D 2d 808; motion for leave to appeal denied 5 N Y 2d 711.) While relator is entitled to be resentenced on the conviction of November 17, 1936 upon a proper motion for resentence, such conviction was properly considered in sentencing relator as a third offender on November 6, 1950. He is legally detained by virtue of his commitment pursuant to the last sentence of November 6, 1950, and the writ should have been dismissed. Order reversed, on the law and facts, and writ dismissed. Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN J. POWERS, Respondent, against J. VERNEL JACKSON, as Warden of Clinton Prison, Appellant.— Appeal by the People from an order of the County Court of Clinton County which sustained a writ of habeas corpus, upon the ground that relator was improperly sentenced as a second offender in that upon the prior conviction section 480 of the Code of Criminal Procedure was not complied with. The court below held that the prior conviction was on that account invalid and directed that relator be remanded for resentence as a first offender. Our holding in *People ex rel. De Pasquale* v. *McMann* (8 A D 2d 662) is determinative of this appeal as well. Order reversed on the law and the facts and writ dismissed, without costs. Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.